NOT RECOMMENDED FOR PUBLICATION
File Name: 16a0550n.06

No. 16-5327

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Sep 26, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| WILLIAM ECCLES; MIACHEL HANCOCK-ECCLES, | ) | |
| | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| OWNERS INSURANCE COMPANY, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE:     MERRITT, ROGERS, and KETHLEDGE, Circuit Judges.

ROGERS, Circuit Judge.  While driving her 2003 Acura, Ms. Eccles suffered injuries that an underinsured motorist caused.  Owners Insurance Company insured Mr. Eccles's automobiles, but not Ms. Eccles's 2003 Acura, and denied coverage to Ms. Eccles.  The Eccles sued Owners for breach of insurance contract.  The district court awarded summary judgment to Owners.  Because a provision in Owners's policy denies coverage over Ms. Eccles's injuries, and because that exclusion trumps other provisions which may have extended coverage, Owners's policy unambiguously excludes coverage over Ms. Eccles's injuries.

A provision in Owners's policy unambiguously excludes coverage over Ms. Eccles's injuries.  Section 3(b) of Owners's Uninsured and Underinsured Motorist Coverage ("UIM Coverage") states that the insurance provided by the Coverage "does not apply . . . to any person injured while occupying . . . any automobile which is owned or leased by such person injured if

such automobile . . . is not insured for Uninsured and Underinsured Motorist Coverage by the policy." Here, Ms. Eccles suffered her injuries while she was driving her 2003 Acura, which she chose to insure with a different company. Owners's policy specified a premium for UIM Coverage for the three automobiles it insured: (i) $33.98 for the first automobile; (ii) $22.93 for the second automobile; and (iii) $35.39 for the third automobile. Because Ms. Eccles chose to insure her 2003 Acura with a different insurance company, Owners did not charge her for UIM Coverage for her car, and Owners did not provide UIM Coverage for her car. Section 3(b) unambiguously excludes UIM Coverage over the injuries that an underinsured motorist caused and that Ms. Eccles suffered in her separately-insured car.

That exclusion unambiguously trumps all coverage in Owners's UIM Endorsement. Owners structured its UIM Coverage to extend coverage in the first section, and then to restrict that extension in the second section. The Coverage prefaces its first section by stating, "this coverage is *extended* as follows" (emphasis added). But the exclusion in § 3(b) begins: "The insurance provided *by this endorsement* does not apply . . ." (emphasis added). That structure unambiguously reveals that the exclusion modifies the extension, not the other way around. The exclusion trumps any coverage that Owners may have extended in its UIM Coverage.

While the Eccles argue that the exclusion is circular, that argument fails on its face. The Eccles argue that the last prong of § 3(b)—whether the automobile was "insured for Uninsured and Underinsured Motorist Coverage by the policy"—forces the reader of the policy to return to the coverage section of UIM Coverage and to proceed in circles. But to determine whether Ms. Eccles's 2003 Acura was "insured for Uninsured and Underinsured Motorist Coverage by the policy," one need only turn to the first pages of Owners's policy, which lists Mr. Eccles's three vehicles as covered vehicles, and which charges a premium for each vehicle for "Uninsured and

Underinsured Motorist" Coverage. Ms. Eccles's 2003 Acura is of course absent from those pages because she insured her car with a different company.

We need not address the validity of the district court's reading of the puzzling wording contained in the first section of UIM Coverage, which the district court ultimately concluded did not extend coverage to Ms. Eccles's injuries. Regardless of how that issue of coverage is resolved, the exclusion requires affirmance. We may of course "affirm on any grounds supported by the record even if different from the reasons of the district court." *Abercrombie & Fitch Stores, Inc. v. American Eagle Outfitters, Inc.*, 280 F.3d 619, 629 (6th Cir. 2002). It is particularly appropriate to do so here where the analysis relied upon was argued both below and on appeal.

The district court's grant of summary judgment to Owners is **AFFIRMED.**